UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SMITH GABRIEL,
                                  Petitioner,

                                  DECISION AND ORDER
                -v-                                    08-CV-6178 CJS

IMMIGRATION AND CUSTOM ENFORCEMENT,
WILLIAM M. CLEARY,
                                Respondent.
_____

This is an action brought pursuant to 28 U.S.C. § 2241, in which Petitioner, a citizen of Haiti who is subject to a final order of removal dated April 9, 2003, and who is awaiting deportation, alleges that his continued detention pending deportation is unlawful. In that regard, Petitioner alleges that he has been detained since April 4, 2007. Although, it appears that between May 25, 2007 and November 25, 2008, Petitioner was in the custody of the Sheriff of Broome County, New York, pending trial on unrelated criminal charges that were eventually dismissed.

On February 23, 2009, the Honorable Victor E. Bianchini, United States Magistrate Judge, issued a Report and Recommendation (Docket No. [#12]), recommending that this action be dismissed without prejudice. On March 10, 2009, Petitioner filed two applications: 1) a motion for an extension of time to file objections to the Report and Recommendation (Docket No. [#14]); and 2) a motion for appointment of counsel (Docket No. [#15]). Petitioner contends that counsel should be appointed, because he is likely to succeed on the merits, and because the legal issues are complex. In that regard, Petitioner contends that he is being unlawfully detained beyond the period allowed by law, and that he was denied procedural due process in the removal proceeding. (Motion for Appointment of

Counsel at 4) ("[Petitioner's] removal order has been final on April 09, 2003. The removal period has ended according to the INA § 241(a)(1)(A)."),

The Court must consider certain factors in deciding whether or not to appoint counsel. There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;
2. Whether the indigent is able to investigate the crucial facts concerning his claim;
3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
4. Whether the legal issues involved are complex; and
5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

In the instant case, it is unclear whether Petitioner's claims are likely to be of substance. However, even assuming that Petitioner's claims are likely to be of substance, the legal and factual issues involved are not overly complex. Moreover, upon reviewing Petitioner's submissions in this case, it appears that he is capable of representing himself. (*See, e.g.*, Docket No. [#13]). Moreover, the Court does not find any "special reasons" why appointment of counsel would be more likely to lead to a just determination in this case. Accordingly, it is hereby

ORDERED that Petitioner's application (Docket No. [#15]) for appointment of counsel is denied; and it is further

ORDERED, that Petitioner's application (Docket No. [#14]) for an extension of time to file objections to the Report and Recommendation is granted. Petitioner shall file and serve his objections on or before May 29, 2009.

SO ORDERED.

Dated: May 4, 2009
Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge